## Third Department, April, 1959

## (April 23, 1959)

■ Roberta Elting et al., Appellants, v. State of New York, Respondent. (M. 2654.) — Appeal by claimants from so much of an order of the Court of Claims as denied leave to claimants Roberta Elting and Leonard Elting to file a late claim, pursuant to subdivision 5 of section 10 of the Court of Claims Act. Claimants were occupants of a car which was involved in a collision with another car on a State highway on July 20, 1952. It appears rather vaguely that various Supreme Court actions were commenced by the occupants of both cars against the owner and operator of the other car, and that such actions, or at least some of them, were subsequently settled. These claims against the State are based upon allegations of negligence of the State in the construction and maintenance of the highway where the accident occurred. These claims were not filed within the 90-day period, and thereafter and within the two-year period required by statute, a motion was made for leave to file claims. The Court of Claims properly granted the motion as to the two infant claimants but denied the motion as to the two adult claimants, Roberta Elting and Leonard Elting. The motion was properly denied as to the claimant Leonard Elting. It appears that he was hospitalized as a result of the accident for only one day; that he was off work for only three weeks, and that he consulted with an attorney approximately five days after the accident with reference to a Supreme Court action, which was brought. There is no showing of a reasonable excuse for the failure to file the claim or a notice of intention within 90 days, as subdivision 5 of section 10 of the Court of Claims Act requires. However, a different situation prevails as to the claimant Roberta Elting, and we think the motion in her case should have been granted. It is not claimed that there was any prejudice to the State resulting from the delay, and the record clearly indicates that there was none. It appears without dispute that Roberta Elting was very seriously injured in the accident, sustaining many fractures, including

a fracture of the skull and resulting serious brain injury. She was hospitalized on several occasions for long periods of time, the last period of hospitalization ending on May 12, 1953. Her injuries seriously affected her mental condition. Her attending physician states in his affidavit: "she was totally incapacitated for at least twelve months subsequent to the occurrence of July 20th, 1952." Upon this showing we think that this claimant has demonstrated a reasonable excuse for the failure to file notice within the 90-day period. While it is not controlling it is worthy of mention that another Judge of the Court of Claims granted a motion allowing late filing of claims to occupants of the other car involved in the accident. The order is reversed on the law and the facts and in the exercise of discretion insofar as it denies the motion on behalf of the claimant Roberta Elting, with $10 costs, and the motion is granted, with $10 costs. In all other respects the order is affirmed, without costs. Foster, P. J., Bergan, Coon, Gibson and Herlihy, JJ., concur.